Eastern District of Kentucky
FILED

SEP 15 2021

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

**CRIMINAL ACTION NO. 3:21-CR-0008-GFVT-EBA**

**UNITED STATES OF AMERICA**             **PLAINTIFF**

V.             **PLEA AGREEMENT**

**TIMOTHY ALLEN CAYLOR**             **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, knowing and having reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce and the visual depiction was actually transported or transmitted using any means of interstate or foreign commerce. The Defendant will also admit to the forfeiture allegation in the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move the Court at sentencing to dismiss Counts 1 and 3 through 9.

2. The essential elements of Count 2 are:

    (a) The Defendant employed, used, persuaded, induced, enticed and coerced the minor Victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

    (b) The Defendant knew that the visual depictions he employed, used, persuaded, induced, enticed and coerced the minor Victim to produce would be transported or transmitted using any means or facility of interstate or foreign commerce and the visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Following a complaint by a Northern Kentucky couple whose daughter had received inappropriate text and voice messages from the Defendant, detectives with the Kentucky State Police Electronic Crimes Branch (KSP-ECB) conducted a knock-and-talk at the Defendant's mother's home, where he resided in Owenton, Owen County, Kentucky, which is located in the Eastern District of Kentucky. The Defendant's mother answered the door and told the detectives that her son was inside the residence. She gave permission for the detectives to enter, and they found the Defendant hiding in the bathroom. He was asked if he had a cell phone, and he retrieved one from the bathroom. Det. Strong knew he had two phones, so she asked him where the other phone was. The Defendant retrieved a second phone from under the kitchen sink. He admitted he hid it there when his mother went to answer the door and that he then hid in the bathroom.

    (b) The Defendant signed a consent form to permit a search of his two phones; Forensic Examiner (FE) Jason Rollins of KSP-ECB conducted a search of the two phones on the scene and located child sexual exploitation material, including images of unidentified minors. The Defendant made admissions to Det. Strong. When asked if the agents would find any illegal activity on his second phone, the Defendant replied, "I don't believe you will, but there's a possibility." Det. Strong responded, "So you have conducted illegal activity on that phone, you just don't know if we'll find it or not, right?" The Defendant said, "Right."

    (c) Unknown to the KSP-ECB detectives, FBI Task Force Office (TFO) Brian Jones of the Kenton County (Kentucky) Sheriff's Office had begun an investigation based on complaints from the Cleveland, Tennessee, Police Department that a subject in Kentucky had been communicating with a 12 year-old female there, and that he had induced her to send him child pornography (CP) images. TFO Jones had obtained federal search warrants for a Facebook account and for phone numbers associated with accounts linked to the Defendant, on October 15, 2020.

(d) A search warrant return from Instagram revealed the Defendant induced a prepubescent minor who stated she was 11 years old to take and send an image of her vagina via Instagram and the Defendant received that CP image on December 3, 2019. A search warrant return from the Chad Thompson (one of the accounts associated with the Defendant) Facebook return showed that the Defendant induced an identified 12-year-old minor female to take and send images of her vagina (digital penetration) on February 11, 2020, and another image of her vagina (penetration by a foreign object) on April 20, 2020. The Defendant knew the images would be transmitted using a computer (a cellular phone qualifies as a computer) over the internet, which is a means or facility of interstate or foreign commerce. He also admitted he had contacted people online he believed to be minors, including sending images of his penis to minors.

(e) The Defendant was previously convicted on or about February 13, 1998 of First-degree Sexual Abuse in Boone Circuit (Kentucky) Case No. 97-CR-00199, for which offense he received a sentence of three (3) years imprisonment.

4. The statutory punishment for Count 2 is imprisonment for not less than 25 years and not more than 50 years, a fine of not more than $ 250.000.00, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range. The U.S.S.G., November 1, 2018, manual guidelines are as follows:

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery.

(c) Pursuant to U.S.S.G. § 2G2.1(d)(1), "If the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." Application Note 7 to U.S.S.G. § 2G2.1(d)(1) states, in part, "that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction."

Count 2A (Minor Victim #1):

(d) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(e) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), increase the offense level by 2 levels because the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years.

(f) Pursuant to U.S.S.G. § 2G2.1(b)(3), increase the offense level by 2 levels because the Defendant knowingly engaged in distribution.

(g) Pursuant to U.S.S.G. § 2G2.1(b)(4)(A), increase the offense level by 4 levels because the offense involved sadistic or masochistic conduct or other depictions of violence (the penetration of the vagina of Minor Victim # 1 by a foreign object).

(h) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce Minor Victim # 1 to engage in sexually explicit conduct.

(i) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction (Count 2), as well as any victims whose images are contained in the dismissed counts (Counts 1 and 3-9), pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A.

Adjusted Offense Level (Subtotal): 42

Multiple Count Adjustment:
Count 2B (minor caXXXXXXXXXXyou):

(j) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

4

   (k) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 4 levels because the offense involved a minor who had not attained the age of 12 years.

   (l) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce caXXXXXXXXXXyou to engage in sexually explicit conduct.

  Adjusted Offense Level (Subtotal): 38

**Multiple Count Adjustment:** Units are assigned pursuant to USSG §3D1.4(a), (b) and (c). One unit is assigned to the group with the highest offense level. One additional unit is assigned for each group that is equally serious or from one to four levels less serious. One-half unit is assigned to any group that is five to eight levels less serious than the highest offense level. Any groups that are nine or more levels less serious than the group with the highest offense level are disregarded.

| Group/Count | Adjusted Offense Level | Units |
|---|---|---|
| Count 2 A | 42 | 1.0 |
| Count 2 B | 38 | 1.0 |
| **Total Number of Units:** | | 2.0 |
| **Greater of the Adjusted Offense Levels Above:** | | 42 |

**Increase in Offense Level:** The offense level is increased pursuant to the number of units assigned by the amount indicated in the table at USSG §3D1.4. **+ 2** levels

**Combined Adjusted Offense Level:** The Combined Adjusted Offense Level is determined by taking the offense level applicable to the Group with the highest offense level and increasing the offense level by the amount indicated in the table at U.S.S.G. § 3D1.4. 42 + 2 =               44

**Chapter Four Enhancement:** The offense of conviction is a covered sex crime (production of child pornography), neither §4B1.1 (Career Offender) nor subsection (a) of §4B1.5 applies, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct (production of child pornography with multiple victims). The offense level shall be five plus the offense level determined under Chapters Two and Three. In this case, the applicable offense level is 49, pursuant to USSG

§4B1.5(b)(1). 44 + 5 = 49

**Acceptance of Responsibility:** Pursuant to USSG §3E1.1(a), because the Defendant clearly demonstrated acceptance of responsibility, and (b) timely provided complete information to the government concerning his own involvement in the offense and/or timely notified authorities of intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the offense level is reduced by three levels.

Total Offense Level: 49 − 3 = 46; however, the maximum offense level is 43, pursuant to Application Note 2 of U.S.S.G. § 5, Part A.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant retains the right to appeal his sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense of conviction, as set out in the forfeiture allegation of the Indictment. The defendant waives all any and all provisions set forth in Rule 32.2 regarding the timing of forfeiture orders.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of

7

supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING U. S. ATTORNEY

Date: 9-15-21    By: *David A. Marye*
David A. Marye
Assistant United States Attorney

Date: 9-15-21

Timothy Allen Caylor
Defendant

Date: 9/15/21

Benjamin D. Allen
Attorney for Defendant